**In re Abdullah Yunis ALI A/K/A Abdullah Ali A/K/A William Hope and Jamilah Ali, Debtors.**

**Bankruptcy No. 83–03784G.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 6, 1986.

Jana-Lyn Weisman, Community Legal Services, Inc., Philadelphia, Pa., for debtors, Abdullah Yunis Ali, a/k/a Abdullah Ali, k a/k/a William Hope and Jamilah Ali.

Nelson Wollman, Simon Jeffrey Rosen, Wollman and Tracey, Philadelphia, Pa., for Provident Nat. Bank.

Jonathan H. Ganz, Philadelphia, Pa., Interim Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The focus of our current inquiry is whether we should grant a debtors' motion to reopen a chapter 7 case so that the debtors may add an additional creditor. On the basis of the reasons expressed below, we conclude that the motion should be granted.

The facts of this dispute are as follows:[1] The debtors filed a petition for relief under chapter 7 of the Bankruptcy Code ("the Code") in 1983. With the petition the debtors also filed a list of their creditors as is required by Bankruptcy Rule 1007(a)(1). In due course the debtors obtained a discharge of their debts in 1984 and their case was closed.

In April of 1985, the debtors were served with notice that Provident National Bank ("Provident") had sought a "judgment on revival" in state court. Investigation disclosed that Provident had originally obtained a judgment against the debtors in 1974, and that in 1980 it successfully filed for either revival or preservation of the judgment.

Prior to the filing of the petition for relief, the debtors' counsel had conducted a judgment and lien search which did not reveal Provident's judgment. Accordingly, the list of creditors filed with the bankruptcy petition did not name Provident as creditor due to the deficiency in the judgment and lien search, as well as the debtors' limited memories.

█ Under 11 U.S.C. § 350, the Code provides that:

§ 350. Closing and reopening cases.

    \*     \*     \*     \*     \*     \*

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350. Bankruptcy Rule 5010 specifies that, "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the code." A decision to open a case under § 350 must be made within the sound discretion of the bankruptcy court, and such determinations must be made on a case by case basis. *Hawkins v. Landmark Finance Co.,* 727 F.2d 324, 326–27 (4th Cir.1984). On appeal such a decision may be overturned on the basis of an abuse of discretion. *Id.*

On the subject of reopening a case so a debtor may add an additional creditor who was not listed in the schedules filed with the petition, the majority of courts have held that such relief is appropriate where the initial failure to schedule the creditor "was not the result of fraud or intentional design" and no prejudice will be suffered by the creditor. *See, e.g., Stark v. St. Mary's Hospital* (In Re Stark), 717 F.2d 322 (7th Cir.1983); *In Re Johnson,* 46 B.R. 52 (Bankr.E.D.Wash.1985); *In Re Minniefield,* 42 B.R. 508 (Bankr.N.D.Ala.1984).

█ In the case at bench, it is clear that, if we reopen the case, Provident will suffer no prejudice if we afford it a reasonable time in which to file a complaint for an exception or objection to discharge. We will accordingly enter an order reopening the case giving Provident 60 days from the entry of that order to file a complaint for an exception or objection to discharge.

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.