**In re John F. CAPUANO and Donnamarie T. Capuano, Debtors.**

**Bankruptcy No. 86–02031T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 20, 1988.

Michael C. Deschler, Littner, Deschler, Redding & Littner, Bethlehem, Pa., for debtors.

Mark S. Sigmon, Sigmon & Sigmon, Bethlehem, Pa., for Danton A. Ponzol.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Before us is a motion filed by debtors, John F. Capuano and Donnamarie T. Capuano ("debtors"), requesting that we reopen their no asset chapter 7 bankruptcy case so that they may amend their schedules to add Danton A. Ponzol ("Ponzol") as a creditor. For the reasons set forth hereafter, we grant debtors' motion to reopen. A brief discussion of the relevant facts follows.

Debtor, Mr. Capuano ("debtor/husband") is the sole shareholder of Frame–Rite Construction, Inc. ("Frame–Rite"). On or about April 13, 1983, Frame–Rite and Ponzol entered into a construction contract under which Frame–Rite agreed to construct a home for Ponzol. Thereafter, Ponzol complained to debtor/husband about the quality of the construction.

On April 24, 1986, debtors filed their chapter 7 bankruptcy petition. They did not list Ponzol as a creditor because they believed that Ponzol's claim was against Frame–Rite and not against them individually. Subsequently, on August 20, 1986,

Ponzol filed a state court action against debtor/husband and Frame–Rite.[1] Debtors received their discharge on October 20, 1986 and their bankruptcy case was closed on November 19, 1986. On May 13, 1987, debtors filed their motion to reopen.[2]

Motions to reopen are governed by 11 U.S.C. § 350(b), which states: "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." Although the Third Circuit Court of Appeals has yet to address the standard to be applied when ruling upon motions to reopen, the bankruptcy courts in this district have taken a liberal approach to reopening cases and apply the rule that motions to reopen should be granted so long as the initial failure to schedule the creditor was not the result of fraud or intentional design and no prejudice will be suffered by the creditor. *In re Ali*, 58 B.R. 439, Bankr.L.Rep. ¶ 71,046 (Bankr.E.D.Pa.1986). *See also, Burch v. Federal National Mortgage Association (In re Burch)*, 88 B.R. 686 (Bankr.E.D.Pa.1988); *In re Bernstein*, 85–01052F, slip op. (Bankr.E.D.Pa. May 19, 1987); *In re Young*, 70 B.R. 968, 16 C.B. C.2d 1090 (Bankr.E.D.Pa.1987).

Instantly, debtors allege, and Ponzol admits, that the construction contract was between Frame–Rite and Ponzol and not between debtor/husband individually and Ponzol. Therefore, we find it reasonable for debtors to assume that Ponzol's claim was against Frame–Rite and not against debtor/husband individually. As we conclude that debtors' initial failure to list Ponzol as a creditor was based upon a reasonable assumption and was not the result of fraud or intentional design,[3] we

---

1. The state court complaint was filed during the pendency of the automatic stay, however, debtors do not challenge the propriety of either the lawsuit or Ponzol's actions under 11 U.S.C. § 362. The state court complaint alleges breach of contract, breach of warranty and negligence. Ponzol does not dispute the fact that his contract was with Frame–Rite or that Frame–Rite was a bona fide corporation organized under the laws of the Commonwealth of Pennsylvania. Ponzol maintains, however, that debtor/husband negligently performed the construction work and is therefore personally liable to him.

2. Our decision in this case has been delayed by the lack of a transcript of the hearing held on this matter. The transcript was filed with this court on August 22, 1988.

3. Ponzol argues that since debtors did not appear at the hearing to testify, they have not met their burden of proof. We disagree, as we find Ponzol's testimony regarding the parties to the construction contract consistent with debtor's pleadings, which were sufficient to establish a prima facie case.

must grant debtors' motion to reopen unless prejudice will result to Ponzol.[4]

After reviewing the record, we conclude that the only potential prejudice which Ponzol may suffer as a result of the reopening of this case is the loss of his right to contest the dischargeability of his debt under 11 U.S.C. § 523 and debtors' discharge under 11 U.S.C. § 727. However, this potential prejudice is easily remedied by affording Ponzol a reasonable opportunity to file a complaint raising these issues. *In re Bernstein, supra; In re Ali, supra.* Accordingly, our order granting debtors' motion to reopen will also grant Ponzol sixty days to file a Section 523 or Section 727 complaint.

An appropriate order will follow.

---

**4.** Ponzol maintains that debtors should be precluded from reopening their case since debtors delayed attempting to list him as a creditor until almost nine months after he filed his state court action. We cannot agree, since delay will not bar reopening unless the creditor was prejudiced by the delay and the harm cannot be cured by a conditioned order. *See In re Hope,* 77 B.R. 470 (Bankr.E.D.Pa.1987); *In re Young, supra.* As we find that no incurable prejudice will be sustained by Ponzol, the motion to reopen must be granted.