Douglas C. Maloney, Begley, Carlin & Mandio, Langhorne, Pa., for debtor.

Valentina G. Viletto, Tax Div., U.S. Dept. of Justice, Washington, D.C., for the I.R.S.

**In re David W. SNYDER, Debtor.**

**Bankruptcy No. 86–01620T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 21, 1988.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Debtor, David W. Snyder ("debtor"), has filed a motion requesting that we reopen his bankruptcy case so that a complaint may be filed under 11 U.S.C. § 523(a)(1)(C) to determine the dischargeability of a debt allegedly owed to the I.R.S. The I.R.S. opposes this motion arguing that debtor must show "cause" under 11 U.S.C. § 350(b) to obtain a reopening. We disagree.

Motions to reopen are governed by 11 U.S.C. § 350(b), which provides, contrary to the position espoused by the

---

I.R.S.,[1] that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." As we explained in our recent decision in *In re Capuano*, 91 B.R. 715 (Bankr.E.D.Pa.1988), the bankruptcy courts in this district have taken a liberal approach to reopening cases and apply the rule that a motion to reopen should be granted so long as the debtor is not guilty of fraud or intentional design and no prejudice will be suffered by the creditor.

■ Instantly, we find that debtor's failure to challenge the dischargeability of the I.R.S.'s alleged debt prior to the closing of his case was not the product of fraud or intentional design and that the I.R.S. will not be prejudiced by the reopening of this case. Hence, we will grant debtor's motion and afford the parties thirty days to file a dischargeability complaint.

An appropriate order will follow.

---

1. In fact, N.B.R. 4007(b) specifically provides for the reopening of a case for the purpose of obtaining a determination as to the dischargeability of a debt.