In re Juan L. **MARTINEZ,** SSN: 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, OSE Gross Martinez, SSN: 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, Debtors.

**Bankruptcy No. 89-10210-ALB.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

Feb. 12, 1990.

Harry L. Wingate, Jr., Albany, Ga., for debtors.

Charles A. Gay, Albany, Ga., pro se.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On December 7, 1989, the Debtors filed their Motion to Reopen pursuant to § 350(b) of the Bankruptcy Code [1] in order to add Charles A. Gay, a pre-petition creditor. A hearing was held on the above Motion on January 30, 1990. This court, having considered the evidence presented and argument of counsel, now renders this Memorandum Opinion.

The Debtors filed their voluntary Chapter 7 petition on April 7, 1989. The Debtors were discharged by order of this court on August 14, 1989. Juan Martinez, co-Debtor, testified the debt owed to Gay was the result of a lease agreement in connection with a business venture. Martinez further testified that he was aware of the debt, but did not think the business debt should be included in his Chapter 7 bankruptcy petition. Upon the realization that this business debt should be included, Martinez filed an amendment to his Chapter 7 petition on August 17, 1989. However, the Debtors' Chapter 7 case was closed by order of this court on August 14, 1989.

Gay testified that he had leased space to the Debtor on June 27, 1988. Gay testified that on April 10, 1989, he notified the Debtor by letter that he was in default on the lease. As previously stated, the Debtors filed bankruptcy on April 7, 1989. Gay testified that he was never notified of the bankruptcy until August 17, 1989, even though he had filed a suit for unpaid rent on July 20, 1989, in the Magistrate Court of Dougherty County and that he received a $5,000.00 judgment plus court costs.

■ The Eleventh Circuit in *Matter of Baitcher* [2] has held that a debtor in a no-asset case must show absence of fraud or intentional design in order to re-open bankruptcy proceedings and add a creditor and his claim. *See also In re Long*, 93 B.R. 791 (Bankr.M.D.Ga.1988). This court finds that the Debtor has failed to carry his burden of showing absence of fraud or intentional design. The evidence before this court shows that the Debtor knew about the debt to Gay. Even if the Debtor had unintentionally forgotten his debt to Gay, it should have been brought to mind shortly after the Debtors' Chapter 7 bankruptcy filing with the demand letter from the Creditor Gay. The Debtor's stated reason of not listing business creditors shows that he intentionally left Gay off his schedules.

■ Accordingly, the Debtors' Motion to Reopen is hereby DENIED. Since Gay's suit in the Magistrate Court of Dougherty County was filed after the Debtors' bank-

1. 11 U.S.C.A. § 350(b) (West Supp.1989).

2. 781 F.2d 1529, 1534 (11th Cir.1986).

ruptcy petition was filed, this court finds that the suit was filed in violation of the automatic stay, even though innocently, and therefore, the judgment against the Debtor is void. *See Borg–Warner Accept-ance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982).