**In re Ronald E. BERRY, Debtor.**

**Bankruptcy No. 92–50221.**

United States Bankruptcy Court,
S.D. Georgia,
Waycross Division.

Nov. 20, 1995.

Mary Jane Cardwell, Waycross, Georgia, for Debtor.

Berrien L. Sutton, Homerville, Georgia, for Movant.

Stephen L. Jackson, Chapter 7 Trustee, Waycross, Georgia.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion to Reopen Case filed by Ronald E. Berry ("Debtor"). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A), (I) and (O). The Court held a hearing on this matter on September 21, 1995. Based on the evidence presented at that hearing,[1] the Court enters these findings of fact and conclusions of law in compliance with Fed.R.Bankr.P. 7052. For the following reasons, the Court will grant Debtor's motion.

## FINDINGS OF FACT

This is Debtor's second bankruptcy petition. Debtor's first case was a Chapter 13, filed on November 26, 1991, and dismissed voluntarily by Debtor prior to confirmation on April 8, 1992. The Empire Banking Company ("Empire") was listed as a secured creditor in that case, and Debtor voluntarily surrendered the collateral securing Empire's claim, a logging truck and trailer, believing that the surrender would serve as a full satisfaction of the debt.

Debtor filed this present petition on April 23, 1992, initially as a Chapter 13. The Chapter 13 was thereafter converted to Chapter 7 on February 9, 1993. Because of

---

1. Empire has sought to present additional evidence after the hearing by way of an affidavit which accompanied its letter brief. The time to present evidence is at the hearing, not afterwards. It would be inconsistent with the Federal Rules of Evidence to consider additional evidence at this time, especially an affidavit which would not be subject to cross examination. The Court does not consider the contents of the affidavit for the purposes of this motion.

Debtor's belief that Empire no longer held a claim against him, Debtor did not list Empire as a creditor. As a result, Empire did not receive notice of Debtor's Chapter 13 filing, or the subsequent conversion to Chapter 7. Debtor received a discharge of debts under Chapter 7 of the Bankruptcy Code on June 28, 1993.

The circumstances of the surrender of property are unclear. Debtor maintains that he surrendered the property under the previous plan. Empire represents that the collateral was not "repossessed" until May 11, 1992, after the commencement of the present case. While these two statements appear to be in conflict, the Court interprets the evidence to conclude that Debtor abandoned any interest in the collateral to Empire prior to the initiation of this present case. The fact that Empire did not take physical possession of the collateral until Debtor had initiated this present case does not discredit Debtor's statement that he believed Empire was no longer a creditor.[2] The day after Empire obtained physical possession of the collateral, Empire sent notice of its intent to pursue a deficiency from Debtor. Thereafter, Empire did nothing to pursue the asserted deficiency for approximately three years.

On August 11, 1995, Empire filed suit against Debtor seeking to obtain a judgment for its deficiency claim. On August 25, 1995, Debtor filed the motion now before the Court. Debtor seeks to reopen his Chapter 7 case in order to add Empire as an unsecured creditor and obtain a discharge of Empire's asserted deficiency claim. Empire opposes Debtor's motion.

## CONCLUSIONS OF LAW

Section 350 of the Bankruptcy Code addresses the authority of the Court to reopen previously closed cases, and provides in pertinent part:

> (b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350(b) (West 1995).

 The appropriate standard for the application of section 350(b) was enunciated by the Eleventh Circuit Court of Appeals in *Samuel v. Baitcher (In re Baitcher)*, 781 F.2d 1529 (11th Cir.1986).[3] In *Baitcher*, the court held that failing to list a creditor does not automatically render a debt nondischargeable,[4] and that a debtor should be allowed to reopen a no-asset Chapter 7 case to list an unscheduled creditor unless the failure to list the creditor was intentional and fraudulent. *Id.* at 1534. The debtor[5] must carry the burden of showing a lack of fraudulent intent. *Id.* at 1534.

 The burden a debtor bears under the *Baitcher* decision is not carried merely by assertions that the creditor was omitted inadvertently. The language of section 350(b), as interpreted by the *Baitcher* court, requires an affirmative showing on the debtor's part that the failure to list the creditor was an honest mistake.[6] "The *Stark* line of cases places both the burden of going forward and the burden of proof on the debtor, who must bring on the motion and prove

---

**2.** If the bankruptcy estate had any interest in the collateral at the time the petition was filed, as Empire suggests, Empire's repossession might be void as a violation of the automatic stay of 11 U.S.C. § 362. By adopting this interpretation of the facts, the Court notes that any complication to Empire because of a stay violation is virtually eliminated. No party has alleged such a violation.

**3.** The *Baitcher* court adopted the approach utilized by the majority of Circuits provided by the case of *In re Stark*, 717 F.2d 322 (7th Cir.1983). For a discussion of the various tests applied by the Circuits and their underlying rationales, see *In re Raanan*, 181 B.R. 480 (Bankr.C.D.Cal. 1995).

**4.** 11 U.S.C. § 523(a)(3).

**5.** The burden of showing cause to reopen a closed case is upon the moving party. *In re Nelson*, 100 B.R. 905 (Bankr.N.D.Ohio 1989). In the context of the motion before the Court, the burden falls upon the debtor.

**6.** "Burden of proof allocations are governed by principles of fairness, common sense, and logic. A guiding principle is to assign the burden to the 'party who presumably has peculiar means of knowledge enabling him to prove its falsity if it is false.'" *First Nat. Bank v. Hurricane Elkhorn Coal Corp.*, 763 F.2d 188, 190 (6th Cir.1985) citing 9 J. Wigmore, Evidence in Trials at Common Law, § 2486 at 290 (rev. 1981).

inadvertent omission as a condition for reopening and amending the schedules." *In re Hicks,* 184 B.R. 954, 959 (Bankr.C.D.Cal. 1995). If the debtor is able to show a lack of fraudulent intent by a preponderance of the evidence, *In re Jones,* 174 B.R. 67 (Bankr. N.D.Ohio 1994), the burden shifts to the creditor to show that reopening the case would be unduly prejudicial.[7] *First State Ins. Co. v. Bryant (In re Bryant),* 147 B.R. 507, 513 (Bankr.W.D.Mo.1992) ("The justification must be sufficient to show that the failure to schedule was not fraudulent, willful, or reckless."); *In re Smart,* 97 B.R. 380 (Bankr.S.D.Ohio 1989); *In re Capuano,* 91 B.R. 715 (Bankr.E.D.Pa.1988). Prejudice exists where creditors lose their rights to receive a dividend or obtain dischargeability determinations. *Stone v. Caplan (In re Stone),* 10 F.3d 285 (5th Cir.1994). Where appropriate, the Court may condition the reopening of a case on alleviation of such prejudice. *Capuano* at 717. "Accordingly, the Court must analyze the equities of the case and determine whether Debtor failed to schedule [the creditor] intentionally or as part of a scheme to defraud this creditor." *In re Barrs,* No. 94–52331, slip op. at 6, 1995 WL 448904, at *2 (Bankr.M.D.Ga. July 24, 1995) (*citing In re Long,* 93 B.R. 791 (Bankr. M.D.Ga.1988)).

■ The facts of this case do not support a finding of fraud. The Court is persuaded that Debtor failed to schedule Empire in this present case because he believed, however incorrectly, that Empire would accept the collateral in satisfaction of the debt. Although Empire sent notice of its intent to pursue a deficiency, the notice was contemporaneous with the surrender of the property and Debtor's present bankruptcy petition. Moreover, Empire waited three years before taking any action to collect the asserted deficiency. This supports Debtor's belief that Empire had accepted the collateral in satisfaction of the debt.

■ The Court notes that there appears to be no advantage to Debtor in intentionally omitting Empire from his schedules. The present Chapter 7 is a no-asset case. The very deficiency Empire pursues is by definition an unsecured debt. Unsecured creditors in a no-asset Chapter 7 do not receive distributions. Empire has not alleged any grounds under 11 U.S.C. § 523 which would render this debt nondischargeable. Neither has Empire alleged any grounds to revoke Debtor's discharge under 11 U.S.C. § 727. The record as it stands is devoid of any facts which would support such a finding under either Code section. Further, in permitting a debtor to reopen a case, courts sometimes provide the omitted creditor a chance to assert dischargeability complaints. Therefore, based on the evidence before the Court, Debtor could not have benefited from omitting Empire as a creditor.

These facts stand in sharp contrast to the case of *In re Martinez,* 112 B.R. 46 (Bankr. M.D.Ga.1990), cited by Empire. In that case, the debtor intentionally failed to list a creditor based on the debtor's mistaken belief that his business debts should not be listed in his Chapter 7 case. *Id.* at 47. The debtor knew of the debt prior to filing his petition, and the creditor notified the debtor of his contractual default by letter after the debtor filed his petition.

The debtor in *Martinez* attempted to file an amendment to his petition to add the creditor. However, the debtor waited until after the creditor had filed suit in state court and obtained a judgment before the debtor attempted to amend his schedules. The debtor was too late, the case had been closed three days earlier. Thus, the bankruptcy case was ongoing while the creditor pursued its debt in state court, and the debtor was aware of the state court action. The Court did not accept the debtor's explanation for failing to list the creditor, and stated that the letters from the creditor should have alerted the debtor to the need to schedule the creditor. *Id.* at 47. The fact that the creditor

---

7. Although the Eleventh Circuit did not base its decision in *Baitcher* on notions of prejudice to the non-moving party, neither did the court reject prejudice as a relevant consideration. Given the fact that it is within the discretion of the Court to grant or deny motions to reopen, the Court may consider any relevant equitable factors in rendering its decision. *Nissan Motor Acceptance Corp. v. Daniels (In re Daniels),* 163 B.R. 893 (Bankr.S.D.Ga.1994).

had filed a state court action against the debtor also should have placed the debtor on notice that the debtor needed to schedule the debt.

■ The *Martinez* case is only superficially similar to the case before this Court. The creditor in *Martinez* sued for breach of a lease agreement which was part of the debtor's business venture, thus there was no collateral surrendered which would support a belief that the debt no longer existed. While the debtor in *Martinez* was aware of the debt, and the creditor's letters and state court suit should have put the debtor on notice of the need to schedule the creditor, Debtor testified that he believed the debt to be extinguished. Furthermore, Debtor's case was closed long before Empire sought to pursue its debt. Debtor quickly responded to Empire's suit by filing the present motion to reopen, while the debtor in *Martinez* waited until the creditor had obtained a judgment and the bankruptcy case was closed before seeking to add the creditor. There is a distinction between failing to list a known debt, and failing to list a debt which Debtor had reason to believe was extinguished.

The facts of this case make Debtor's incorrect assumption understandable, and his explanation credible. The creditor in *Martinez* waited only three months before filing suit for the collection of the debt, as opposed to the three years Empire waited. The creditor's suit in *Martinez* was filed while the bankruptcy case was ongoing, while the debtor had the opportunity to readily amend his schedules. Thus, the creditor in *Martinez* could not be said to have contributed to the debtor's failure to include the debt in his schedules by failing to pursue the debt. Empire's failure to pursue the debt for three years, in light of the timing of the surrender of collateral and the fact that Debtor could only have benefitted from listing the deficiency in his schedules, leads the Court to the conclusion that Debtor's failure to list this creditor was an honest mistake, and not an attempt to defraud this creditor. The Court's inquiry is fact driven, and the facts of this case are sufficiently distinguishable from

the *Martinez* case for this Court to come to a different conclusion.

Considering the facts of this case, the Court concludes that Debtor has not acted in a fraudulent manner. The timing of the surrender of collateral and Empire's failure to pursue the asserted deficiency debt for three years contributed to Debtor's mistake. The Court finds that Debtor inadvertently failed to schedule Empire in this Chapter 7 case, and, in accordance with the Eleventh Circuit Court of Appeals' decision in *Baitcher*, he should have the opportunity to obtain his discharge. *Baitcher* at 1534.

Empire has not shown that reopening this case would be unduly prejudicial because of any inability to pursue discharge objections. It is unknown whether Empire assumes it would have such a right upon reopening the case or whether instead Empire has no such claim to assert. In this connection, the Court notes some difficulties in reconciling the existing Federal Rules of Bankruptcy Procedure with the rationale of the court in *Baitcher*.

The ability of a creditor to bring a section 727 discharge objection in a reopened case depends upon whether the case was reopened within the statute of limitations contained in section 727(e), which addresses revocation of discharge as follows:

> (e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
>
> (1) under subsection (d)(1) of this section within one year after such discharge is granted; or
>
> (2) under subsection (d)(2) or (d)(3) of this section before the later of—
>
> > (A) one year after the granting of such discharge; and
> >
> > (B) the date the case is closed.

11 U.S.C. § 727(e) (West 1995).

In this case the creditor alleges fraud on the debtor's part. The debtor received his discharge on June 28, 1993. The section 727(e) deadline has passed. The Bankruptcy Rules address reopening a case in an action under section 727(e) as follows:

> Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to

reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) *a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by 727(e) of the Code,* and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by 1144, 1230, or 1330.

Fed.R.Bankr.P. 9024 (West 1995) (emphasis added).

Regarding the authority of the Court to extend the filing deadline, the Rules state:

(2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 2003(a) and (d), 7052, 9023, and *9024.*

Fed.R.Bankr.P. 9006(b)(2) (West 1995) (emphasis added).

The Code and Rules appear to limit the time frame a creditor has in which to bring section 727(e) actions such that the Court may have no authority to allow Empire to institute such an action in the reopened case.

The Court also notes that depending upon the interpretation of section 523(a)(3), a creditor's ability to object to the discharge of debt in a reopened case may also be limited. Rule 4007 governs the timing of complaints under section 523 and provides as follows:

(a) Persons Entitled to File Complaint. A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.

(b) Time for Commencing Proceeding Other Than Under 523(c) of the Code. *A complaint other than under 523(c) may be filed at any time.* A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

(c) Time for Filing Complaint Under 523(c) in Chapter 7 Liquidation, Chapter 11 Reorganization, and Chapter 12 Family Farmer's Debt Adjustment Cases; Notice of Time Fixed. *A complaint to determine the dischargeability of any debt pursuant to 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to 341(a).* The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

(d) Time for Filing Complaint Under 523(c) in Chapter 13 Individual's Debt Adjustment Cases; Notice of Time Fixed. On motion by a debtor for a discharge under 1328(b), the court shall enter an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to 523(c) and shall give not less than 30 days notice of the time fixed to all creditors in the manner provided in Rule 2002. On motion of any party in interest after hearing on notice the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

(e) Applicability of Rules in Part VII. A proceeding commenced by a complaint filed under this rule is governed by Part VII of these rules.

Fed.R.Bankr.P. 4007 (West 1995) (emphasis added).

From the above Rule, the ability of a creditor to bring an action under section 523 of the Code in a reopened case depends upon which subsection the creditor proceeds under. Complaints other than under section 523(c) may be brought at any time. Complaints under section 523(c) must be brought within 60 days of the section 341 meeting of creditors. Section 523(c) provides:

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

(2) Paragraph (1) shall not apply in the case of a Federal depository institutions regulatory agency seeking, in its capacity as conservator, receiver, or liquidating agent for an insured depository institution, to recover a debt described in subsection (a)(2), (a)(4), (a)(6), or (a)(11) owed to such institution by an institution-affiliated party unless the receiver, conservator, or liquidating agent was appointed in time to reasonably comply, or for a Federal depository institutions regulatory agency acting in its corporate capacity as a successor to such receiver, conservator, or liquidating agent to reasonably comply, with subsection (a)(3)(B) as a creditor of such institution-affiliated party with respect to such debt.

11 U.S.C. § 523(c) (West 1995).

Subsection (c) states that determinations of nondischargeability under subsection (a)(2), (4), (6) or (15) must be brought within the bankruptcy court prior to discharge or the debt will be discharged under section 727. The reference to subsections (a)(2), (4), (6) and (15) seems to support the notion that nondischargeability complaints under these subsections must be brought within 60 days of the section 341 meeting of creditors pursuant to Rule 4007(c). The Court's ability to extend the deadline of Rule 4007(c) is constrained to the conditions stated in the Rule. Fed.R.Bankr.P. 9006(b)(3). The motion for an extension of time must be brought under Rule 4007(c) before the deadline expires. Whenever the Court addresses a motion to reopen the case in order to schedule a debt, it is most likely that the creditor will have missed this deadline for an extension.

However, there is an alternative way of viewing these code provisions. Rule 4007(c) applies when a creditor pursues a complaint under the enumerated subsections. When a case is reopened, a creditor is most likely proceeding under subsection 523(a)(3), which provides that a debt is not discharged if it is:

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3) (West 1995).

Thus, from the text of section 523(a)(3)(B), a creditor must prove that the debt would have been nondischargeable under subsections (a)(2), (4) or (6) *and* that the failure to list the creditor caused the creditor not only to fail to file a timely proof of claim, but also to miss the Rule 4007(c) deadline. This appears to be the statutory scheme in response to the fact that a creditor may not bring objections to the discharge of debt under subsections (a)(2), (4) or (6) when the creditor misses the deadline because it had no notice of the bankruptcy proceedings. While proof of subsection (a)(2), (4) or (6) nondischargeability is an element of the proof a creditor must produce under subsection (a)(3), subsection (a)(3) actions are not referred to in section 523(c), and thus are properly governed by Rule 4007(b), which has no deadline. The substance of the complaint is the same, with an added element of proof to show that the creditor did not receive notice. Under this view, a creditor in a reopened case may bring any action under section 523(a) since Rule 4007(b) governs when a creditor is not listed.

Thus we have returned to the starting point with 11 U.S.C. § 523(a)(3) and the *Baitcher* case. The outcome hinges on whether the Court adopts the view that a creditor in a no-asset Chapter 7 case can never bring a section 523(a)(3) action due to the fact that the creditors are not prevented from filing a timely proof of claim. Under this view, section 523(a)(3)(A) "only protects the creditor's right to file a proof of claim

and participate in a distribution, nothing else." *In re James,* 184 B.R. 147, 150 (Bankr.N.D.Ala.1995) (*citing In re Stark,* 717 F.2d 322 (7th Cir.1983)).

The language of section 523(a)(3)(B) is expressed in the conjunctive; the creditor must have been prevented from filing a timely proof of claim *and* the creditor must have missed the deadline of Rule 4007(c). Section 523(a)(3)(B) contains the same requirement as subsection (a)(3)(A), with an added element that the creditor must have missed the Rule 4007(c) deadline. If a creditor in a no-asset case is never prevented from filing a timely proof of claim, a creditor in a re-opened no-asset case is not going to be able to bring a section 523(a)(3) claim, and by incorporation, such creditor is foreclosed from pursuing actions under subsections (a)(2), (4) or (6). This appears to be the view, albeit expressed in dicta, of the Eleventh Circuit in *Baitcher.*[8] Thus, the rule in the Eleventh Circuit appears to be that a creditor may not bring an action under §§ 523(a)(2), (3), (4) or (6) in a reopened no-asset Chapter 7 case.

In sum, the Code and Rules do not appear to allow a court to permit creditors to proceed with section 727 complaints after the deadline has passed regardless of notice. While several courts have allowed such a complaint in the interest of eliminating prejudice, these courts have never provided a statutory justification for their actions.

On the other hand, the Code and Rules allow section 523 determinations other than subsections (a)(2), (4) or (6) at any time. Fed.R.Bankr.P. 4007(b). A good argument can be made that where a creditor has no notice, the time limit for bringing such claims, in substance at least, is removed. This was the rationale of the court in the *James* case, cited above. However, this depends upon whether a creditor in a no-asset Chapter 7 case can utilize section 523(a)(3). The *Baitcher* court appears to state that a creditor in a no-asset case is never prevented

from filing a timely proof of claim, and is thereby foreclosed from pursuing actions under 11 U.S.C. § 523(a)(3). Since subsection (a)(3)(B) is expressed in the conjunctive, an unlisted creditor appears to lose out on the right to file subsection (a)(2), (4) and (6) complaints even if he had no notice of the proceedings. The *James* court failed to note this flaw in its argument, stating only "If an intentional tort creditor was neither listed nor scheduled in the bankruptcy, it could not have filed a timely complaint. The purpose of § 523(a)(3)(B) is to protect that creditor from being deprived of this right. In other words, sub-part (B) protects the right to file a dischargeability complaint where the bar date had expired and the creditor had no notice of same." *Id.* at 150. While the interpretation of section 523(a)(3) applied by the *James* court appears to be consistent with the statutory scheme and a holistic view of the Bankruptcy Code, the plain language of section 523(a)(3)(B) dictates another result.

The language of the *Baitcher* opinion referring to a creditor being prevented from filing timely proofs of claim appears to be dicta. Accordingly, any court would be free to express its own opinion in the event a creditor files a section 523(a)(2), (4) or (6) complaint. However, as was indicated above, the rationale which controls determinations under section 523(a)(3) is interwoven with the underlying concepts as to the scope of the discharge. It appears that this issue is ripe for circuit level review in order to provide a comprehensive determination as to mechanics of discharge determinations.

 In any event, this Court must consider prejudice to the creditor in deciding whether or not to reopen a case, and if a creditor loses his ability to object to the dischargeability of debt because of the reopening of a case, that might prove to be prejudicial. However, Empire has not indicated its intention to pursue a dischargeability complaint under 11 U.S.C. § 523(a)(2), (4) or (6).[9] While Empire may have assumed

---

**8.** The court stated that in a no-asset case "a notice is as a matter of law never untimely unless and until assets are discovered." *Baitcher,* 781 F.2d at 1533.

**9.** This discussion is offered to point out a potential discrepancy between the Code and Rules which could be prejudicial to the rights of certain unlisted creditors. The resolution of this

that such a remedy would be available, the decision in this case cannot anticipate such an unasserted assumption.[10] Therefore, the Court finds that Empire cannot be prejudiced in this respect by reopening this case regardless of the view adopted as the issue of dischargeability. While some courts have conditioned the ability of a debtor to reopen a case on the reimbursement of a creditor's costs including attorney fees incurred a state court action interrupted by the motion to reopen, such an award is predicated upon a showing of prejudice and proof of the actual expenses incurred by the creditor. *See e.g., In re Bianucci,* 4 F.3d 526 (7th Cir.1993). In this matter, Empire has not presented the Court with evidence of any expenses incurred, and the Court will therefore not condition the reopening of this case upon the payment of any such expenses.[11]

An order in accordance with this memorandum opinion will be entered on this date.

dilemma will have to await a future case where the issue is squarely framed for consideration.

**10.** The Court has reviewed the pleadings in this case. While Empire has made general allegations regarding bad faith in the filing of Debtor's bankruptcy petition, Empire has not stated a case under any of the Code sections the Court reviews for evidence of prejudice.

## ORDER

Ronald E. Berry seeks leave to reopen his Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 350 in order to schedule The Empire Banking Company, a pre-petition creditor of this discharged debtor. For the reasons stated in the findings of fact and conclusions of law published pursuant to Fed.R.Bankr.P. 7052 in the accompanying opinion, it is hereby

ORDERED that the motion to reopen is GRANTED.

**SO ORDERED.**

**11.** If Empire had any evidence of expenses related to the state court collection action, it should have presented such evidence at the hearing on this matter. It is inconsistent with the Federal Rules of Evidence and Procedure to present evidence outside the adversarial context of a hearing without affording the opposing party the opportunity to object.