**In re Mark E. MALOY, Debtor.**

**Bankruptcy No. 92–31220.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Feb. 5, 1996.

Barry Gordon Irwin, Athens, Georgia, for Debtor/Movant.

Arthur L. Phillips, Phillips & Phillips, Macon, Georgia, for Respondent.

William M. Flatau, Chapter 7 Trustee, Macon, Georgia.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

Mark E. Maloy ("Debtor") filed a Motion To Reopen Chapter 7 Case. This is a renewed motion following this Court's order of December 15, 1994, denying a previous motion to reopen which had been filed on May 5, 1994. This Motion To Reopen Chapter 7 Case was filed on December 15, 1995.

The findings of fact set out in the December 15, 1994 order are adopted for the purpose of this order with the exception that the order of dismissal of the case captioned as *Mark E. Maloy vs. Arthur L. Phillips, Phillips, Davis & Donner, a Georgia Partnership,* arising in the United States District Court for the Middle District of Georgia, Case Number 93–CV–98–ATH (WDO) has been reversed and remanded by the Eleventh Circuit in Case Number 94–9238, decid-

ed September 15, 1995.[1] The uncertainty posed to this Court by the pendency of the appeal in considering the previous motion to reopen has now been resolved.

In its decision, the Eleventh Circuit determined that the statute of limitations was a bar to the assertion of the section 1692e(11) claim. The decision also held that an additional claim might lie under section 1692g of the FDCPA, 15 U.S.C.A. § 1601, et seq. This claim, according to the Eleventh Circuit opinion, arose on November 18, 1992, five days following the mailing of the first debt collection letter. This date, as the Court's previous findings of fact indicate, falls one day after Debtor filed the Chapter 13 case in this Court. Debtor's Chapter 13 case was converted to Chapter 7 and then concluded by a Final Decree on September 13, 1993. Debtor then filed the action in District Court on November 15, 1993. The Eleventh Circuit has determined that the action was timely filed by Debtor as to that second claim.

This second Motion To Reopen Case requires that this Court revisit the question of what relief could be accorded to Debtor if the bankruptcy case is reopened. The cause of action under section 1692e(11) appears to be lost to Debtor and any trustee that might be appointed to serve in this case if it is reopened. The claim under section 1692g had not "ripened" until after Debtor's bankruptcy case was filed. For the purpose of determining whether this claim is property of the estate under 11 U.S.C. § 541, the Circuit Court has determined that the claim did not arise until after this case was filed. Such claims accruing to a Chapter 13 debtor post-petition are property of the bankruptcy estate. 11 U.S.C. § 1306(a)(1).

Analysis beyond this point becomes very problematical. Debtor did not list the claim as an asset of the estate either in the Chapter 13 case or in the Chapter 7 case after conversion. After the bankruptcy case was closed, Debtor filed the action in District Court in his own name on November 15, 1993. Next, almost six months later, Debtor made his first motion to reopen the bankruptcy case.

There appear to be three aspects to consider. The first aspect is the benefit to Debtor. The second aspect is the prejudice to Respondent, Arthur L. Phillips, the defendant in the District Court action. The third aspect is the benefit to other creditors.

As to the first and second aspects, it appears to the Court that any benefit to Debtor would have to come as a detriment to Mr. Phillips. If the failure to reopen this case causes Debtor's claim in District Court to fail, that would be a detriment to Debtor and a benefit to Mr. Phillips. Avoiding this detriment to Debtor is the primary reason Debtor seeks to reopen this Chapter 7 case. The question is whether the detriment of reopening the case as to Mr. Phillips would be fairly incurred.

Reference is made to the Court's findings of fact when it considered the previous motion as follows:

> Debtor now asserts a claim against Mr. Phillips under FDCPA. Such claim was never disclosed as an asset of the schedules in the Chapter 13 case. Further the claim was never disclosed in the schedules which were required to be filed following the conversion of the case from Chapter 13 to Chapter 7. Debtor's attorney showed that he was aware of the claim as early as December, 1992. On January 13, 1993, Debtor's attorney wrote to Mr. Phillips and demanded a settlement of this claim. The bankruptcy case was pending for about nine months following that letter with no amendment by Debtor disclosing the existence of the asset or setting the asset aside as exempt. Debtor's attorney characterized this omission as an error on his part.

The benefit and detriment are difficult to calculate. Further reference is made to the Court's previous order as follows:

> It was established by stipulation from the parties that during the pendency of the District Court case the defendant, Mr. Phillips, made a judicial estoppel argument. He contended that Debtor was judicially estopped from asserting the claim because of his failure to list the claim in

---

1. *Maloy v. Phillips,* 64 F.3d 607 (11th Cir.1995).

the schedules in his bankruptcy case. The District Court, however, concluded that the claim was barred by the statute of limitations.

The judicial estoppel argument was not a factor in the District Court's decision since the statute of limitations determination was more immediate. Now, upon remand to the District Court, the argument may become significant. While there is no way for this Court to gauge the significance of this argument, it does seem possible that the argument would not be available to Mr. Phillips if Debtor is permitted to reopen this case and amend his schedules.

In that connection, there is a related concern which was expressed in this Court's Order on Motion For Reconsideration, entered March 8, 1995, in response to Debtor's Motion For Reconsideration. Reference is made to that order as follows:

> The Debtor has said that upon reopening of the case that an amendment to the schedules would be filed. The filing of such amendments would be urged thereafter in the District Court in opposition to the defense of judicial estoppel. All that interaction between the Bankruptcy Court and the District Court as to a case which is pending in the District Court appears to be inappropriate. As was noted in the Court's opinion of December 15, 1994, "If there is to be some significance to the reopening of this case and the amending of the schedules, the District Court judge is well able to conclude that such an amendment should be permitted and that the amendment, if permitted, would be persuasive in response to the defense of judicial estoppel." To permit this case to be reopened solely for the purpose of amending the schedules so as to equip the Debtor with new arguments to assert in the District Court is an inappropriate function of the Bankruptcy Court.

It was Debtor's choice, either by act or omission of his attorney, to fail to schedule this asset. Respondent, Mr. Phillips, urges that the motion be denied and implies in his argument that he would be prejudiced with any other result. The most significant fact in this case seems to be Debtor's choice to pursue this action in his own name following the Final Decree in the bankruptcy case. It is understandable that something could be overlooked such as a creditor or an asset which should have been listed in a bankruptcy case. It often happens that bankruptcy cases are reopened for the purpose of adding such matters.

In this case, however, Debtor and his attorney made a conscious determination to try to capitalize on the value of an asset without having previously made that asset available to his creditors in the bankruptcy case. It was not until Respondent, Mr. Phillips, made the judicial estoppel argument that the necessity of listing that asset in the bankruptcy case became apparent to Debtor. While the timing of that argument is unknown to this Court, it must be noted that the first motion to reopen this case came almost six months after the filing of Debtor's case in the District Court. If there is to be some benefit to Debtor from reopening the case, it should not be made available only after the value of full, complete and honest disclosure first becomes beneficial to Debtor's interest. The proper time for that disclosure had passed.

At the time the action was filed in the District Court, Debtor and his attorney knew that the Chapter 7 trustee had never considered this asset for administration. The omission might be excusable if the necessity for listing the asset was brought to Debtor's attention by some external event, such as often happens when a debtor fails to list a creditor. In this case, Debtor and his attorney seem to have been oblivious to the necessity for listing this asset in the Chapter 7 case. That fact coupled with Debtor's obvious intention to realize the benefit of the asset after the bankruptcy was closed does not suggest the requisite good faith on the part of a debtor which must precede the reopening of a bankruptcy case. *See Samuel v. Baitcher (In re Baitcher),* 781 F.2d 1529 (11th Cir.1986) (requiring that a debtor show that the failure to list a creditor was not intentional and fraudulent).

In the case of *In re Berry,* 190 B.R. 486 (Bankr.S.D.Ga.1995), this Court reviewed a debtor's motion to reopen and found that under the facts of that case the debtor had

failed to list a creditor as an honest mistake. In applying the *Baitcher* court's rationale, the Court reviewed in detail the facts surrounding the debtor's failure to list the creditor, and found that the debtor in good faith believed that the creditor's claim had been extinguished due to a surrender of collateral. *Id.*, at 489–90. The debtor had not intentionally omitted the creditor because the debtor honestly did not believe that the claim existed. When the debtor learned, three years later, that the claim for deficiency had been established, he acted expeditiously to reopen his case and rectify the error in his schedules. The fact that the debtor moved to reopen his case immediately upon discovering the need to do so weighed significantly in the Court's finding that the debtor's mistake was honest. The Court also found that the debtor had nothing to gain by failing to schedule the creditor, and therefore had no motive to act dishonestly. The Court granted the debtor's motion.

The facts of the *Berry* case were contrasted with *In re Martinez,* 112 B.R. 46 (Bankr. M.D.Ga.1990). In *Martinez,* the debtor failed to list a creditor although he knew of both the creditor and its claim. The debtor erroneously believed that his business debts should not be included in a personal Chapter 7 case. The debtor failed to amend his schedules while the case was pending, but instead waited until the bankruptcy case was closed and the creditor had obtained a state court judgment against him before bringing his motion to reopen. The court denied the motion to reopen citing the *Baitcher* opinion. The court found that the debtor knew of the creditor's claim prepetition and had intentionally left the claim off the schedules. This, under *Baitcher,* is sufficient to deny a debtor's motion to reopen under 11 U.S.C. § 350.[2]

The case before the Court is much more akin to the facts of the *Martinez* case. Debtor knew of his claim under the FDCPA prior to the time his bankruptcy case was closed. Although he knew of this asset, he failed to

disclose its existence. As this Court stated in *Berry,* "There is a distinction between failing to list a known debt, and failing to list a debt which Debtor had reason to believe was extinguished." *Berry,* at 490.

The same can be said of assets. Debtor opted to keep this asset to himself and pursue it after his creditors' legitimate claims to his assets had been discharged. Put succinctly, Debtor had a motive to conceal the asset which is evidence of dishonest behavior. Debtor's attorney informed the Court that he had intended to amend Debtor's schedules to reflect the asset, but somehow neglected to do so. As the *Martinez* court demonstrated, a mistake of law as to what assets and claims should be included in a bankruptcy petition is not an effective defense when the debtor is represented by an attorney. Moreover, Debtor has only sought to reopen this case now that it is apparent that his action in pursuit of the FDCPA claim is imperiled by the failure to list this asset.

If Debtor is to enjoy some benefit from the Court's favorable consideration of his motion, to the detriment of Respondent, Mr. Phillips' interest, there has to be a showing of good faith on the part of Debtor. The presentation of Debtor's attorney to the effect that he thought he had listed the asset does not overcome the negative implication created by the decision to file the case in behalf of Debtor without having confirmation from the Chapter 7 trustee as to whether that action was to be pursued as an asset of the bankruptcy estate. Such a precaution might have revealed the omission, and permitted Debtor to establish his good faith by amending to list the asset, or, after the case was closed, requesting that the case be reopened for that purpose, before filing the action in the District court. The lack of this element suggests an all too casual regard for the disclosure requirements in this Court. Debtor has failed to carry his burden of showing that the failure to list the asset was an honest mistake under the *Baitcher* criteria.

2. Section 350 governs the closing and opening of bankruptcy cases, and provides:
　(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

　(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.
11 U.S.C. § 350 (West 1995).

The third aspect of this case is the potential benefit to the creditors in the case. Debtor has proposed upon a reopening of the case to amend the schedules and exempt this asset. A copy of the Court's two orders in the previous Motion To Reopen have been sent to the Chapter 7 case trustee. He has not come forward to join in Debtor's motion, or made any motion in his own behalf. The absence of any presentation by the Chapter 7 trustee is a further indication that the asset is not substantial enough for the Court to conclude that the case must be reopened so the asset can be administered for the benefit of other creditors. Debtor has contended that his claim of exemption exhausts the value of the asset. To reopen the case now in anticipation of the possibility that Debtor's contention may be incorrect is a step too far beyond the bounds of foreseeable reality.

The District Court can now consider and determine whether Debtor's conduct in the bankruptcy case has any relevance to his claim. The facts remain as they existed at the time the District Court action was filed. There is no cause to enter any order now in this Court which might have the effect of adjusting the rights of the parties to the District Court action.

In summary, Debtor's first claim under FDCPA is barred by the statute of limitations and cannot be a basis for relief to Debtor. Debtor's second claim under FDCPA would have been property of the bankruptcy estate if it had been listed by Debtor. After the bankruptcy estate was closed, Debtor chose to initiate an action in his own right in the District Court to receive the benefit of the asset rather than to make a motion at that time to reopen the bankruptcy case and make the benefit of that asset available to other creditors. Debtor's first Motion To Reopen was made only after he encountered complications in the District Court case from his failure to list the asset in his bankruptcy case. The fairest course now is for Debtor's Motion To Reopen Case to be denied with Debtor left to continue his claim in the District Court, subject to encumbrances, if any, which might have attached as a result of his failure to timely list the asset during the pendency of the bankruptcy case. No benefit from reopening the case would be enjoyed by anyone other than Debtor. That benefit, if it is a benefit, should not be available to Debtor.

Accordingly, an order will be entered denying Debtor's Motion To Reopen Chapter 7 Case.