**In re Allison M. DANIEL, Debtor.**

**Bankruptcy No. 94–62471.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 7, 1997.

Dennis M. Hall, Drew, Eckl & Farnham, Atlanta, GA, for Debtor.

William D. Strickland, Temple, Strickland & Counts, Decatur, GA, for Metropolitan Property & Casualty Insurance Company.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

Before the court is Debtor's motion to reopen her case to add an asset. The asset is a prepetition personal injury claim arising from an automobile collision which occurred September 18, 1993. A lawsuit (the "Lawsuit") was filed in Cobb County in August, 1995.[1] Debtor anticipates a recovery in the Lawsuit which will enable a distribution to creditors. Debtor alleges the omission of the Lawsuit as an asset in her schedules was inadvertent.

At the hearing on Debtor's motion to reopen held October 10, 1996, the attorney for Metropolitan Property & Casualty Insurance Company ("Metropolitan"), the insurance company representing the defendant in the Lawsuit, appeared to oppose reopening Debtor's case. Metropolitan's argument in opposition to reopening relied upon the case of *Southmark Corporation v. Trotter, Smith & Jacobs,* 212 Ga.App. 454, 442 S.E.2d 265 (1994).

In *Southmark,* the court upheld an entry of summary judgment in favor of defendants on the grounds that Southmark's lawsuit was barred by judicial estoppel because Southmark had failed to include its claim against the defendants in Southmark's Chapter 11 bankruptcy schedules, disclosure statements or plans. The Georgia court defined the federal doctrine of judicial estoppel as an equitable doctrine which precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously successfully asserted by it in a prior proceeding. The court noted, "The primary purpose of the doctrine is not to protect the litigants, but to protect the integrity of the judiciary." The Georgia court cited a debtor's obligation imposed by the Bankruptcy Code to fully disclose all its assets, including litigation which might arise from prepetition occurrences. Southmark had failed to include its claim against the defendants in its schedules, disclosure statement or plan.[2]

---

1. The Lawsuit is styled *Allison Daniel v. Zeldralyn Boykin,* Civil Action File No. 95 A 5007-4.

2. The Georgia court discounted Southmark's contention that its claim against the defendant was appropriately described in the declaration in the schedules that the value of its contingent and unliquidated claims was unknown and in the assertions in the disclosure statements and con-

firmed plan that Southmark intended to pursue any claims which it could identify. The Georgia court was not cognizant that a debtor in the process of formulating a plan of reorganization frequently must refer in broad terms to such contingent claims because the debtor has little time or incentive to pursue a full-scale investigation prior to confirmation and because both the debtor and the creditors recognize that a positive

The court concluded that Southmark's failure to reference in the bankruptcy case any claim against the defendants precluded any subsequent assertion of those claims.

In the instant case, Metropolitan asserts that if this court grants Debtor's motion to reopen and allows Debtor to amend her schedules, the defendant in the Lawsuit will be deprived of the judicial estoppel defense. Metropolitan presented no evidence that Debtor intentionally or fraudulently concealed the Lawsuit from the Chapter 7 trustee.

Debtor filed a supplement to her motion to reopen December 6, 1996, and cited the case of *Johnson v. Trust Company Bank*, 223 Ga.App. 650, 478 S.E.2d 629 (1996). In the *Johnson* case, the plaintiff had failed to list a prepetition tort claim against the Bank in plaintiff-debtor's Chapter 7 bankruptcy petition. Plaintiff filed the lawsuit against the Bank after the bankruptcy case was discharged and closed as a no-asset case. The *Johnson* plaintiff-debtor had failed to list the lawsuit in his schedules but *had* mentioned it in his statement of financial affairs and the Chapter 7 Trustee was aware of the claim. The court also noted that because the plaintiff had successfully amended his bankruptcy petition to include the claim, he gained no unfair advantage in bankruptcy court. "Any recovery he obtains from defendant will inure to the benefit of plaintiff's bankruptcy estate, and in turn, to the creditors who asserted claims to the estate's assets." The court concluded that the bankruptcy court's decision to allow the Plaintiff to reopen his case and add the asset deprived the defendant of the judicial estoppel defense.

 Pursuant to 11 U.S.C. § 350(b), a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." Bankruptcy Rule 5010 provides:

a case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a Chapter 7 or a Chapter 13 case a trustee shall be appointed unless the court determines that a trustee is not necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case.

A decision to reopen a case pursuant to § 350(b) is within the discretion of the bankruptcy court. *In re Blossom*, 57 B.R. 285 (Bankr.N.D.Ohio 1986). Debtor seeks to reopen her case to amend her schedules to add an asset and to permit the Chapter 7 Trustee to administer that asset. Therefore, it appears the relief D seeks is within the provisions of § 350(b). As the claim for relief asserted in the Lawsuit was not scheduled, administered, fully exempted, or abandoned, *see, Neville v. Harris*, 192 B.R. 825 (D.N.J. 1996), the Lawsuit is property of Debtor's bankruptcy estate. 11 U.S.C. § 541, § 554, § 522, § 363, and § 704.[3]

 The Bankruptcy Rules accord debtors the right to amend their bankruptcy schedules "as a matter of course." Bankruptcy Rule 1009. The broad right to amend, together with the underlying policies of the bankruptcy system, undermines any judicial estoppel argument in a Chapter 7 case. In the *Southmark* case, the debtor was proceeding under a confirmed Chapter 11 plan which had already established and fixed creditors' rights.[4] The cases cited in the *Southmark* case involved bankruptcy reorganization cases, cases in which the debtor had not sought to amend the schedules, or cases in which the debtor had acted in bad faith. A denial in the instant case of Debtor's motion to reopen would deprive Debtor's creditors of an opportunity to share in the fruits of any recovery Debtor may obtain. Additionally it does not appear that the integrity of either the bankruptcy court nor the state court is undermined by allowing

---

result for the debtor will benefit both debtor and the creditors while a negative result will not be likely to adversely affect debtor's reorganization.

**3.** Almost without question, upon any recovery by Debtor in the Lawsuit, the Trustee would be entitled to reopen this case to administer the proceeds.

**4.** Confirmed Chapter 11 or Chapter 13 plans of reorganization are generally accorded *res judicata* effect in subsequent proceedings. Therefore, a debtor's nondisclosure of an asset until after confirmation of a plan could enable a debtor to deprive creditors of the right to share in the proceeds from such an asset.

Debtor to amend her bankruptcy petition to add the lawsuit as an asset. If Debtor acted fraudulently in concealing the asset from the Chapter 7 Trustee, the Trustee may seek revocation of Debtor's discharge pursuant to § 727(d).

 As noted above, the aim of the judicial estoppel doctrine is to protect the judicial process from abuse.

> Because judicial proceedings are designed to seek truth, an earlier position that can be explained as unadvised or the product of honest error generally will not preclude a party from later establishing the true state of facts.

*Lampl v. Smith,* 169 B.R. 432, 434 (D.Col. 1994). In the instant case, Metropolitan points only to Debtor's conduct and seeks to establish a tier of inferences that would result in the conclusion that Debtor acted fraudulently and in bad faith—more specifically, that Debtor sought to conceal her personal injury claim in order to reserve the benefit of any recovery for herself and deprive creditors of the opportunity to share in that recovery. Then, only when the success of the Lawsuit was threatened by her failure to list the asset in her bankruptcy schedules did Debtor file this motion to reopen. However, Debtor's conduct can equally be explained as honest error. Debtor now seeks to cure her earlier omission and, most significantly, intends to share the fruits of any recovery with her prepetition creditors. Any advantage which Debtor may have gained by omitting the asset from her schedules is eliminated by reopening, amending the schedules and allowing the Chapter 7 Trustee to administer the asset. Debtor is subject to proceeding to revoke her discharge if the Trustee, a creditor, or the U.S. Trustee can show her conduct was fraudulent.

Debtor has shown cause to reopen. Metropolitan failed to establish cause to deny Debtor's motion. Debtor and Debtor's creditors will benefit from reopening this case. Reopening may be detrimental to Metropolitan by depriving it of a judicial estoppel argument but this court cannot countenance depriving Debtor's creditors of the opportunity to share in damages to which Debtor is entitled in order to preserve Metropolitan's judicial estoppel argument. Accordingly, it is hereby

ORDERED that this case is REOPENED to permit Debtor to add an asset and to permit the transaction of such other business as is permitted by Title 11 of the United States Code. The Chapter 7 Trustee shall be reappointed.