Dwight B. TRAYLOR, Plaintiff,

v.

Gene Evans FORD, LLC d/b/a a Subsidiary of Auto Nation, Inc., Defendant.

No. Civ.A.1:01–CV–2061–MHS.

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 23, 2002.

---

Carold Donald Williams, College Park, GA, for plaintiff.

Christine E. Howard, Rebecca J. Jakubcin, Fisher & Phillips, Atlanta, GA, for defendant.

## ORDER

SHOOB, Senior District Judge.

This matter is before the Court on defendant's motion for summary judgment. For the following reasons, the Court grants the motion.

### Background

On June 27, 2001, plaintiff Dwight B. Traylor filed suit in the Superior Court of Fulton County, alleging that defendant Gene Evans Ford, LLC, discriminated against him. Defendant subsequently removed to this Court. On August 31, 2001, plaintiff filed a voluntary petition for bankruptcy. Although plaintiff is represented by counsel in this matter, he is proceeding *pro se* with his bankruptcy petition. On November 14, 2001, defendant moved for summary judgment on the grounds that plaintiff is judicially estopped from proceeding with this lawsuit because he did not disclose this lawsuit in the bankruptcy proceeding. After defendant filed the motion, plaintiff modified his bankruptcy petition to reflect the existence of this lawsuit. Defendant contends that the modification occurred too late and that it is still entitled to summary judgment.

### Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "there is no genuine issue as to any material fact ... and the moving party is entitled to judgment as a matter of law." In *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Supreme Court held that this burden could be met if the moving party demonstrates that there is "an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. At that point, the burden shifts to the non-moving party to go beyond the pleadings and present specific evidence giving rise to a triable issue. *Id.* at 324, 106 S.Ct. 2548.

In reviewing a motion for summary judgment, the Court must construe the evidence and all inferences drawn from the evidence in the light most favorable to the non-moving party. *WSB–TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir.1988). Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### Discussion

The doctrine of judicial estoppel prevents "a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations G.P. v. Santiam–Midwest Lumber Co.*, 81 F.3d

355, 358 (3rd Cir.1996). The goal of the doctrine is to prevent parties from "playing 'fast and loose with the courts.'" *Id.* (quoting *Scarano v. Central R. Co. Of New Jersey*, 203 F.2d 510, 513 (3d. Cir.1953) (citation omitted)). Initially, the Court notes that plaintiff asserted an inconsistent position by proceeding with this matter after representing to the bankruptcy court that he was not involved in any lawsuits.

Thus, the next question is whether plaintiff's modification of his bankruptcy petition permits him to proceed with this matter without being judicially estopped. In *Scoggins v. Arrow Trucking Co.*, 92 F.Supp.2d. 1372, 1375 (S.D.Ga.2000), the court held that a bankruptcy petitioner could not proceed with his tort action when he disclosed the lawsuit in the bankruptcy matter only after being forced to do so by his adversary. Similarly, here, plaintiff did not attempt to modify his bankruptcy petition until after defendant filed the instant summary judgment motion. Nevertheless, plaintiff contends that the doctrine of judicial estoppel should not be applied because he did not realize that he was asserting inconsistent positions. The only significant difference between the plaintiff in *Scoggins* and Mr. Traylor is that Mr. Traylor is proceeding *pro se* in the bankruptcy matter.

The Court concludes that, under the precise circumstances presented here, the distinction is inconsequential. In order for plaintiff to truthfully answer questions in the bankruptcy proceeding, no attorney was needed. Specifically, the question on the bankruptcy petition asks the petitioner to "List all suits to which the debtor is or was a party within one year immediately preceding the filing of this case." The question is not ambiguous in any way, and as such, there is no doubt that plaintiff concealed the existence of this lawsuit. Moreover, even if plaintiff did not understand the question on the petition, defen-

dant has offered the affidavit of plaintiff's trustee in which the trustee states that plaintiff told the trustee that he was not involved in any lawsuits in which he was seeking money damages.

Consequently, the Court concludes that plaintiff was attempting to "play fast and loose with the system," and is judicially estopped from proceeding in this matter. Accordingly, the Court GRANTS defendant's motion for summary judgment [# 12–1]; and DISMISSES this action.