IRVING, P.J.,
for the Court:
¶ 1. Draperton LLC filed a complaint in the Madison County Chancery Court seeking specific performance from J. Paul Stockwell pursuant to a construction contract. The chancery court held that specific performance was an inappropriate remedy and dismissed Draperton’s complaint. Draperton then filed a motion to compel arbitration in the Madison County Circuit Court, which granted the motion. Stockwell appeals and claims that Draper-ton has waived its right to arbitration by actively participating in litigation, taking action inconsistent with the right of arbitration, and causing an unreasonable delay in litigation. Draperton, in turn, argues that because Stockwell successfully interposed arbitration as the proper remedy in the chancery action, he is now judicially estopped from arguing that it has waived its right to arbitration.
¶ 2. Finding no error in the circuit court’s decision, we affirm.
FACTS
¶ 8. Draperton owns a commercial-office-building complex known as Draperton at Trace Colony Park, located in Ridgeland, Mississippi. Draperton and Stockwell entered into a construction agreement in which Draperton agreed to construct an office building for Stockwell in Draperton at Trace Colony Park, and Stockwell would purchase the building through financing. Construction commenced pursuant to the agreement, and during the course of construction, several changes were made to the plans at the request and approval of Stockwell, which increased the contract price. According to the agreement, Drap-erton was to convey the title of the building to Stockwell when the following three conditions were met: the building was completed, the City of Ridgeland issued a certificate of occupancy, and Stockwell paid the contract price plus construction interest and interest on the promissory note. The agreement also contained an arbitration clause that required arbitration in the event of a dispute involving the contract price, with one exception: Drap-erton had the right to seek specific performance if Stockwell refused or otherwise failed to complete the purchase.
¶ 4. Draperton and Stockwell agreed that the closing of the sale and purchase would occur within five days after issuance of the certificate of occupancy. Stockwell failed to consummate the purchase of the building, claiming that he could not obtain financing to pay for the building.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

I. Waiver of Right to Arbitration

¶ 6. Appellate courts review the grant or denial of a motion to compel arbitration under a de novo standard of review. Century 21 Masell and Assocs., Inc. v. Smith, 965 So.2d 1031, 1035 (¶ 6) (Miss.2007). The Mississippi Supreme Court has held that arbitration can be waived where a party “actively participates in a lawsuit or takes other action inconsistent with the right to arbitration.” Id. at 1036 (¶ 8) (quoting Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 619 So.2d 908, 914 (Miss.1993)). The supreme court has *696 added that arbitration can be waived when a party “substantially invokes the judicial process to the detriment or prejudice of the other party,” which includes not filing a motion to compel arbitration within a reasonable time. Id. (quoting Univ. Nursing Assocs., PLLC v. Phillips, 842 So.2d 1270, 1278 (¶ 28) (Miss.2003). “[Wjaiver of arbitration is not a favored finding, and there is a presumption against it.” Miss. Credit Ctr., Inc. v. Horton, 926 So.2d 167, 179 (¶ 39) (Miss.2006) (quoting Russell v. Performance Toyota, Inc., 826 So.2d 719, 724 (¶ 16) (Miss.2002)).
¶ 7. Stockwell argues that Draper-ton waived its right to arbitration by filing a complaint for specific performance and invoking litigation, to Stockwell’s detriment. Stockwell further argues that Draperton knew that he was having trouble obtaining financing to purchase the building, but decided to seek specific performance and wait almost three years from the date of the alleged breach to assert its right to arbitrate the matter.
¶ 8. The chancery court found that because Draperton had an arbitration clause in its construction agreement, it had an adequate remedy at law for its damages through arbitration, and specific performance was unnecessary. The agreement expressly provides that “if Purchaser refuses or otherwise fails to complete its purchase, then Seller may immediately seek specific performance[.]” Here, Stockwell failed to complete the purchase of the property pursuant to the agreement with Draperton. Stockwell claims that he suffered detriment due to the extensive discovery required from the litigation seeking specific performance. However, even though seeking specific performance may be considered inconsistent with the right to arbitration, Draperton reserved the right in the construction contract to take such measure.
¶ 9. It would be inequitable for us to find that Draperton has waived its right to arbitrate when the exception that allowed it to seek specific performance was clearly in the contract that Stockwell signed. Draperton is only trying to recover what it is owed. Stockwell agreed to the clear and unambiguous terms of the contract and cannot now argue that Draperton has taken this action to prejudice him. Therefore, we find that Draperton has not waived its right to arbitrate.

II. Judicial Estoppel

¶ 10. In Stockwell’s answer and counterclaim to Draperton’s complaint seeking specific performance, one of Stockwell’s affirmative defenses stated that specific performance should be denied because Draperton had an adequate remedy pursuant to the arbitration clause in the agreement. Stockwell now argues that Draper-ton has lost its right to arbitrate as a result of participating in litigation inconsistent with the right to arbitrate.
¶ 11. “The doctrine of judicial estoppel should be applied to prevent a party from achieving [an] unfair advantage by taking inconsistent positions in litigation.” Copiah Cnty. v. Oliver, 51 So.3d 205, 207 (¶ 9) (Miss.2011). Judicial estop-pel must also apply in the court in which a “self-serving contradiction occurred and in which the defense is first asserted.” Kirk v. Pope, 973 So.2d 981, 991 (¶31) (Miss.2007) (quoting In re Dewberry, 266 B.R. 916, 920 (Bankr.S.D.Ga.2001)). “Judicial estoppel precludes a party from asserting a position, benefitting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation.” In re Estate of Richardson, 903 So.2d 51, 56 (¶ 17) (Miss.2005) (quoting Dockins v. Allred, 849 So.2d 151, 155 (¶ 8) (Miss.2003)).
*697 ¶ 12. Stockwell is clearly trying to obtain an unfair advantage by now arguing that Draperton has lost its right to arbitration. In his answer and counterclaim, one of Stockwell’s affirmative defenses advocated arbitration over specific performance. He benefited from that position when the chancery court agreed with him and found that specific performance was not an appropriate remedy for this case. Stockwell’s current position that Draperton cannot assert its right to arbitrate is clearly a self-serving and convenient contradiction of his previous position. Accordingly, we find that Stockwell is judicially estopped from arguing that Draperton has waived its right to arbitrate.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY GRANTING THE MOTION TO COMPEL ARBITRATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.