**In the Matter of James F. STRICKLAND, Brenda F. Strickland, Debtors.**

**No. 99–40664.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Sept. 27, 2001.

---

Shari Smith, Hinesville, GA, for Plaintiff/Movant.

Sam Inglesby, Savannah, GA and Brunswick, GA, for Defendant/Respondent.

### ORDER ON DEBTORS' MOTION TO REOPEN CASE

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Debtors James F. and Brenda F. Strickland ("Debtors") filed a petition for relief under Chapter 7 on March 1, 1999. In April, 1998, Mrs. Strickland had been involved in an automobile collision and suffered personal injury. Although John Pirkle, Mrs. Strickland's personal injury counsel, had made demand in December 1998 upon Atlanta Gas Light Company ("AGL") for personal injury damages arising from the April 1998 collision, Debtors did not reveal in the schedules accompanying their petition the existence of any claim arising from that collision. However, when Mrs. Strickland was questioned by the Chapter 7 Trustee ("the Trustee") at the April 5, 1999, creditors' meeting, she revealed that she had a personal injury claim arising out of an automobile accident, that John Pirkle was the attorney, and that she had turned down an offer of settlement in the amount of $3,000.00.

The Trustee, in a letter addressed May 7, 1999, asked Mr. Pirkle for a status report and for an indication as to whether Mr. Pirkle would continue to pursue the claim on behalf of the estate. In his May 12, 1999, reply, Pirkle outlined the extent of special damages and stated that an offer in the amount of $2,500.00 was pending. Although he estimated that any recovery would be well within the amount which would be "protected" (presumably by the Debtor's exemption), he also stated that he "would be happy to make a commitment that any sum [Mrs. Strickland] receives in excess of that will be paid over to the Bankruptcy Court Trustee if she does not have room under her exemptions." Exhibit D–1. Debtors never amended their schedules to show the existence of Mrs. Strickland's claim. On June 16, 1999, the Trustee filed a Report of No Distribution with this Court indicating that he abandoned any interest in the Debtor's pending personal injury claim. Thereafter, Debtors received a discharge on June 22, 1999.

At some point, Mrs. Strickland and others filed suit against Susan Plank and AGL in the State Court of Chatham County, Georgia. Plank and AGL, asserting the doctrine of judicial estoppel, filed a Motion for Partial Summary Judgment on June 1, 2001, which apparently prompted the Debtor's filing of this Motion to Reopen Case to amend her schedules to supplement the disclosure made at her creditors' meeting and to cure any judicial estoppel exposure they might have in the State Court litigation.

## CONCLUSIONS OF LAW

■ A case may be reopened after a discharge has been awarded "to administer assets, accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to reopen is within the sound discretion of the bankruptcy court, guided by the parameters of § 350(b) and equitable considerations. *See In re Garrett*, 266 B.R. 910, 912–14 (Bankr.S.D.Ga.2001) (citing 10th, 5th, and 6th Circuit opinions noting necessary interplay between discretion, § 350(b), and overarching equitable nature of bankruptcy proceedings).

Section 350(b) deals with reopening cases for two distinct purposes. The first is to provide a benefit to creditors and the bankruptcy estate as a whole by administering previously unadministered assets. *Id.* at 912–13. The second is to provide additional relief to the debtor. *Id.* This Court has recently addressed reopening for each of these purposes.

In *In re Garrett*, I addressed reopening for the purpose of providing relief to a debtor who sought to add a judgment debt to his schedules in order to avoid a judgment lien. I denied relief after applying the Eleventh Circuit good faith test articulated in *In re Baitcher*, 781 F.2d 1529 (11th Cir.1986): a discharge of a debt is to be denied "when debts are omitted from [the] debtor's schedules as a result of

fraud or intentional design on the part of the debtor," *id.* at 1534. *See In re Garrett*, 266 B.R. at 912–13; *see also id.* at 913–14 (noting that *In re Baitcher* implied that a case in which " 'the original omission was not inadvertent but by intentional design,' should not be reopened").

■ By contrast, in *In re Dewberry*, 266 B.R. 916 (Bankr.S.D.Ga.2001), I addressed reopening for the purpose of administering assets and held that a debtor's good faith was not relevant to reopening where adding an asset will benefit the estate creditors. *See id.*, 266 B.R. at 919. The purpose underlying the motion to reopen is therefore critical in determining whether the debtor's good faith is relevant.

■ In the case at hand, Debtors seek to reopen in order to add Mrs. Strickland's personal injury claim as an asset. Debtors' apparent motive is to avoid summary judgment in Mrs. Strickland's pending civil action in state court, but the ultimate purpose of reopening is to administer an estate asset. Because Mrs. Strickland readily disclosed the claim when questioned at the § 341 meeting, because the Trustee contacted her counsel to assess the value of the claim, and because her counsel committed to pursue the claim for the benefit of the estate if it exceeded her exemption, I find no fraud or intentional design on Mrs. Strickland's part in the omission. Nevertheless, because reopening this case may benefit estate creditors, I find, in keeping with my *Dewberry* holding, that Debtors' good faith is irrelevant to the type of relief they seek in this Court.

Pursuant to the foregoing IT IS THE ORDER OF THIS COURT that the case shall be reopened for the purpose of administering Debtor's personal injury claim against the Atlanta Gas Light Company.