In re Marie M. LOWERY, a/k/a Marie M. Domerson, Debtor.

No. 1–00–16790–jf.

United States Bankruptcy Court, E.D. New York.

Dec. 31, 2008.

sition (Docket # 12), NYC's statement filed in further opposition to the Motion (Docket # 13), oral argument offered on behalf of Ms. Lowery and NYC at hearings conducted on November 13, 2008 and December 9, 2008, and the bankruptcy case file in the above-captioned closed Chapter 7 case, we conclude that under the totality of circumstances and for the reasons hereinafter set forth, vindicating the systemic integrity of the bankruptcy process trumps whatever benefit creditors might gain from a reopening of the bankruptcy case. Accordingly, the Motion is denied.

## I.

In June 1996, Ms. Lowery suffered personal injuries arising out of a motor vehicle accident in which her car was struck by an unmarked NYC police vehicle. On January 2, 1997, Ms. Lowery commenced a personal injury action against NYC in the Supreme Court for the State of New York, County of Kings ("P.I.Action").

Ms. Lowery filed a petition for relief under Chapter 7 of the Bankruptcy Code on June 22, 2000. The P.I. Action was pending at the time of the bankruptcy filing. Nonetheless, in response to Item 20 of the bankruptcy petition's Schedule B calling for the disclosure of "contingent and unliquidated claims of every nature", Ms. Lowery stated "None". Similarly, in response to Item 4 of the bankruptcy petition's Statement of Financial Affairs calling for the disclosure of all lawsuits to which a debtor is or was a party within one year immediately preceding the filing of the bankruptcy case, Ms. Lowery again stated "None". The responses to Item 20 of Schedule B and Item 4 of the Statement of Financial Affairs were declared under penalty of perjury as being true and correct.

Charles Nathan, Esq., Bronx, NY, for Personal Injury Trial Counsel.

Robert L. Geltzer, New York, NY, for Former Chapter 7 Trustee.

Olga Minkina, Esq., New York, NY, Assistant Corporation Counsel for the City of New York.

## DECISION AND ORDER DENYING MOTION TO REOPEN CASE

JEROME FELLER, Bankruptcy Judge.

Before the Court is a motion of former Debtor, Marie M. Lowery ("Ms.Lowery"), to reopen her bankruptcy case in order to schedule a previously undisclosed personal injury claim ("Motion"). The former Trustee filed an affirmation in support of the Motion (Docket # 11). The Motion is opposed by the City of New York ("NYC"). After careful review of the Motion (Docket # 7), the declaration in opposition to the Motion filed by NYC (Docket # 9), the reply filed by Ms. Lowery to NYC's oppo-

Ms. Lowery, at the meeting of creditors conducted by the former Trustee under Section 341 of the Bankruptcy Code, once more did not disclose the P.I. Action. In that connection, the former Trustee at paragraph 5 of his affirmation in support of the Motion advises that:

[A]s a matter of course, over a period of approximately twenty years as a Trustee in conducting probably twenty thousand 341 examinations I have asked debtors 'Do you have a right to sue anyone for a personal injury or any other reasons?' Although I do not have, and have not reviewed (if it indeed still exists), the tape of the 341 meeting conducted in 2005 [sic-should be 2000], it is extremely, highly unlikely that the Debtor answered affirmatively, inasmuch as had she done so I would have pursued the pre-petition personal injury action.

Ms. Lowery's bankruptcy schedules listed assets of $3,710 comprised of personal property, all of which she claimed as exempt under New York State law. Insofar as creditors, Ms. Lowery listed four unsecured creditors with aggregate claims of $13,249.90.

On July 31, 2000, having concluded his inquiry into the financial affairs of Ms. Lowery and the location of property belonging to the estate, the former Trustee filed a "Report of No Distribution". In other words, the former trustee concluded that there was no estate property available for distribution to creditors over and above the exempted property. An order of discharge was issued on October 2, 2000 and Ms. Lowery's bankruptcy case was closed on October 11, 2000.

Jury selection in the P.I. Action commenced on October 21, 2008. At or about that time, NYC informed the state court that it had recently learned of Ms. Lowery's bankruptcy filing and that she failed to disclose the P.I. Action in her bankruptcy case. On or about October 24, 2004, NYC moved by order to show cause to, among other things, dismiss the P.I. Action on the grounds that the P.I. Action is an asset of the bankruptcy estate and that Ms. Lowery lacks standing to bring the lawsuit. In response, Ms. Lowery now moves to reopen her long closed bankruptcy case to schedule the P.I. Action as an asset of the estate so that a bankruptcy trustee can be substituted as a plaintiff in the lawsuit. The Motion was filed October 30, 2008. The state court has adjourned consideration of NYC's motion to dismiss the P.I. Action pending this Court's determination of the Motion.

## II.

The relevant statute governing reopening of a bankruptcy case, 11 U.S.C. § 350(b), provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." The statute is phrased in the permissive and thereby commits the decision as to whether to reopen a bankruptcy case to the sound discretion of the bankruptcy judge. *See Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538, 541–42 (8th Cir.2005); *State Bank of India v. Chalsani (In re Chalsani)*, 92 F.3d 1300, 1307 (2d Cir.1996); *Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540–41 (6th Cir.1985); *Hawkins v. Landmark Finance Co. (In re Hawkins)*, 727 F.2d, 324, 326 (4th Cir. 1984).

## III.

Upon the filing of a bankruptcy petition, an estate to be administered by a trustee is created that encompasses "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Upon the filing of Ms. Lowery's bankruptcy petition,

the P.I. Action became property of her bankruptcy estate even though she did not list it on her schedules or statement of financial affairs. Since the P.I. Action was not disclosed by Ms. Lowery, it could not have been administered or abandoned by a trustee. Accordingly, the P.I. Action remains property of the estate even after the closing of Ms. Lowery's bankruptcy case. *See* 11 U.S.C. § 554(c) and (d).

■ In an attempt to remedy the dilemma posed by NYC's request in state court to dismiss the P.I. Action for lack of standing, Ms. Lowery moves to reopen her bankruptcy case to amend her filing to include the P.I. Action so that this estate asset could be administered by a trustee. *See* 11 U.S.C. § 323. In deciding motions to reopen bankruptcy cases to administer an undisclosed lawsuit, courts seem to have developed two approaches. One view is that a debtor's good faith is essentially not relevant to the reopening of a case when adding the asset will benefit estate creditors. *See Lopez v. Specialty Restaurants Corp. (In re Lopez),* 283 B.R. 22 (9th Cir. BAP 2002); *In re Strickland,* 285 B.R. 537 (Bankr.S.D.Ga.2001). The other view is that good faith is an important element that a court looks to in authorizing the reopening of a bankruptcy case to include a lawsuit of the debtor. *See Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1289 (11th Cir.2002); *In re Koch,* 229 B.R. 78, 87–88 (Bankr.E.D.N.Y.1999); *In re Maloy,* 195 B.R. 517, 520 (Bankr.M.D.Ga.1996). With all due respect to the *Lopez* and *Strickland* courts, we are persuaded that policy considerations militate against adopting a rule that good faith is irrelevant to the reopening of a bankruptcy case to administer undisclosed lawsuits.

■ A long standing tenet of bankruptcy law requires that one seeking its benefits satisfy a companion duty to schedule all his interests and property rights. *In re Hannan,* 127 F.2d 894 (7th Cir.1942). Simply stated, a debtor seeking shelter under the bankruptcy law must disclose all assets and potential assets. *See* 11 U.S.C. § 521(a)(1) (formerly 11 U.S.C. § 521(1)). Full and honest disclosure in a bankruptcy case is crucial to the effective functioning of the bankruptcy system. Because the bankruptcy court, trustees, and creditors rely on the information disclosed by a debtor, the importance of full disclosure cannot be overemphasized.

■ Ms. Lowery had a duty to answer the questions presented in the schedules and financial affairs carefully, completely, and accurately. Indeed, the schedules and statement of financial affairs make it transparently plain that she was required to disclose the P.I. Action. Nonetheless, Ms. Lowery opted to affirmatively negate under oath the existence of the P.I. Action in her schedules and statement of financial affairs. The duty to disclose is a continuing one and does not end with the filing of the bankruptcy petition. Ms. Lowery compounded her breach of duty by failing to disclose the P.I. Action at the Section 341 meeting or at any other time prior to close of her bankruptcy case. *See* Fed. R. Bankr.R. 1009(a) (stating that the schedules and statement of financial affairs "may be amended as a matter of course at any time before the case is closed"). Moreover, Ms. Lowery's seeking to reopen the bankruptcy case was not until October 2008, more than 8 years after its closing, when it became apparent that the P.I. Action was imperiled by the failure to list this asset in her schedules.

■■ As the time between closing of a bankruptcy case and its reopening increases, so must the cause for reopening increase in weight. *See Citizens Bank & Trust Co., v. Case (In re Case),* 937 F.2d 1014, 1018 (5th Cir.1991) ("The longer the

time between closing of the estate and the motion to reopen, . . . the more compelling the reason for reopening should be."). The only reason offered by Ms. Lowery is that her failure to disclose the P.I. Action for more than 8 years was that the omission was the product of inadvertence or an innocent mistake. Such reasons are unacceptable under the circumstances. The absence of good faith in nondisclosure may be inferred from the record. As a general proposition, a debtor's failure to satisfy a statutory disclosure duty may be deemed inadvertent or the product of an innocent mistake when the debtor either i) lacks knowledge of the undisclosed matter, or ii) has no motive for its concealment. *See Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 335 (5th Cir.2004); *Burnes*, 291 F.3d at 1287; *Browning Manufacturing v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 210 (5th Cir.1999); *In re Walker*, 323 B.R. 188, 195 (Bankr. S.D.Tex.2005). Any assertion that Ms. Lowery lacked knowledge of the P.I. Action is just not credible, particularly in light of the seriousness of the injuries allegedly incurred in the automobile accident. Furthermore, Ms. Lowery had the requisite motivation to conceal the P.I. Action as she would thereby be able to preserve for her own benefit, to the exclusion of her creditors, any recovery she might obtain upon successful prosecution or settlement of the claim.

■ Ms. Lowery contends that the interests of creditors in the administration of the P.I. Action is sufficient to warrant reopening of the bankruptcy case. Her trial counsel estimates that the P.I. Action has a conservative value of $150,000, more than enough to pay creditors in full. In the context of this case, the argument is a specious one. The claims against the estate are quite modest. As indicated above, the schedules reflect 4 creditors with ag-gregate claims of $13,249.90. Moreover, 3 of the 4 claims were incurred in 1999 and the largest of the claims, a $10,000 claim, was incurred in 1995. In order to receive a distribution, these creditors must file proofs of claim. *See* Fed. R. Bankr.P. 3002(a). Taking into account the passage of 10–14 years and the mandated form and content of proofs of claim, including required documentation, it is likely that proofs of claim will not be filed by at least some of these creditors within a bar date to be fixed by the court, if this former no asset case was to be reopened. *See* Fed. R. Bankr.P.2002(e), 3001(a), 3002(c)(5) and Official Form 10. As a practical matter, no real benefit from reopening the case will be enjoyed by anyone other than Ms. Lowery, the former Debtor. If debtors could omit personal injury actions or other lawsuits, and then simply move to reopen once caught, nondisclosure would be altogether too attractive. The public interest in the systemic integrity of the bankruptcy process dictates that a bankruptcy court should withhold relief that encourages the concealment of assets by debtors. As one federal appeals court stressed:

> Allowing [the debtor] to back-up, reopen the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.

*Burnes*, 291 F.3d at 1288.

## IV.

Based on all of the foregoing, the Motion of Ms. Lowery to reopen the bankruptcy case to amend her bankruptcy schedules to include the P.I. Action is denied.

**IT IS SO ORDERED**